

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00070-CV

---

**IN THE MATTER OF THE MARRIAGE OF SARAH GAITHER AND JAMES LOUIS GAITHER III AND IN THE INTEREST OF M.M.G., A CHILD**

---

On Appeal from the 45th District Court
Bexar County, Texas
Trial Court No. 2022-Cl-l6606, Honorable Antonia Arteaga, Presiding

---

February 7, 2025

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, James Gaither (Father), appeals from a Final Decree of Divorce dissolving his marriage to Sarah Gaither (Mother). The parties have one child, M.M.G.[1] Father challenges the trial court's failure to file findings of fact and conclusions of law, its alleged modification of the parties' possession and access agreement, and the sufficiency of evidence supporting certain findings. We affirm.

---

[1] To protect M.M.G.'s privacy, we refer to her by initials. *See* TEX. FAM. CODE ANN. § 109.002(d).

# Background

Mother filed for divorce, Father counter-petitioned, and the court appointed an amicus attorney to represent the interests of M.M.G. Before the August 2023 final hearing, the parties indicated they had reached a preliminary "50/50" agreement for possession and access. Before the presentation of evidence began the trial court announced:

> My understanding is that there is an agreement for possession and access to be a 50/50 schedule and that there is a disagreement as to which school, and therefore, which parent will have the exclusive right to determine the residence, which, of course, would also determine where the child goes to school. My understanding is that, along with any offset in child support, are the sole issues.

The trial court later clarified what it thought the case was about:

> Let's be clear. We agreed on a 50/50 schedule. I don't believe that there has been any agreement as to how that's partitioned out. But other than the week on/week off, two weeks in the summer per party back and forth, two weeks on/two weeks off, any other relief that you are requesting . . . ?

Father's counsel responded that Father also wanted the Town & Country vehicle, concluding, "But that's, in essence, the issues."

After hearing testimony from both parents about implementing the possession schedule, the court rendered judgment. Its orders granted Mother the exclusive right to determine M.M.G.'s primary residence within Bexar County and her school, awarded Mother the Town & Country vehicle, and detailed pickup and exchange arrangements for the child.

The court then directed the attorneys to return at 3:30 p.m. with arrangements for transferring the vehicle and child support calculations. While the record shows the parties

met with the court in chambers, no record was made of those proceedings. The clerk's record contains a two-page document titled "Half Sheet Docket Session" and "Judge's Notes," showing the attorneys' names and various handwritten findings,[2] many of which appear to be later incorporated into the court's formal findings of fact.

On December 11, 2023, the court signed the divorce decree. Father timely requested findings of fact and conclusions of law, filed a motion for new trial, and timely gave notice of past-due findings. This appeal followed.[3]

## Analysis

<u>Findings of Fact and Conclusions of Law</u>

By his first issue, Father complains that the trial court did not file findings of fact and conclusions of law despite his timely request and notice of past-due findings.

After Father filed his brief, we abated this appeal and remanded for the trial court to file findings of fact and conclusions of law. *In re Marriage of Gaither*, No. 07-24-00070-CV, 2024 Tex. App. LEXIS 5702 (Tex. App.—Amarillo Aug. 8, 2024, per curiam order). A supplemental clerk's record containing the trial court's findings and conclusions was then filed with the Court, and the appeal was reinstated. Because Father received his requested relief, his first issue is moot.

---

[2] Notes consisted of entries such as "in monitoring crt W/d like to confer in chambers won't be so long." Both pages contain numerous handwritten "findings."

[3] This appeal was originally filed in the Fourth Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

Terms for Possession and Access

Father next contends the trial court erred in modifying the parties' agreement by altering summer possession periods and after-school pickup arrangements for M.M.G. Trial courts have broad discretion regarding custody, control, possession, support, and visitation matters because they can best observe the parties' demeanor firsthand. *Murray v. Murray,* No. 04-21-00416-CV, 2023 Tex. App. LEXIS 4314, at *10 (Tex. App.—San Antonio June 21, 2023, no pet.) (mem. op.). We review possession orders for abuse of discretion, considering legal and factual sufficiency as factors in that analysis. *Id.*; *In re S.C.A.,* No. 04-23-01031-CV, 2024 Tex. App. LEXIS 3327, at *5 (Tex. App.—San Antonio May 15, 2024, pet. denied) (mem. op.). When applying this standard, we employ a two-pronged analysis: (1) whether the trial court had sufficient information upon which to exercise its discretion, and (2) whether the trial court erred in applying its discretion. *Id.* (cleaned up).

The record does not support Father's position that the trial court "materially altered" the parties' "50/50" agreement. First, the specific terms of whatever "50/50" arrangement the parties reached do not appear in our record, leaving no basis for comparison. Second, the trial court explicitly identified the schedule details as contested issues before hearing evidence. Third, and most importantly, our paramount concern is the child's best interest, not parental convenience. TEX. FAM. CODE ANN. § 153.002. Father has not shown us, nor do we find in the record, how the court's orders are not in M.M.G.'s best interest. Father's second issue is overruled.

<u>Third Issue: Sufficiency of the Evidence</u>

By his third issue, Father makes a one-paragraph argument that the evidence was legally and factually insufficient to support the court's "findings." The gist of Father's position appears to be the record supports an "inference" that some of the trial court's findings originated out of an in-chambers conference with the child's amicus attorney.

Although we liberally construe briefing rules, Father's argument lacks appropriate citations to the findings he is contesting or the record. *See* TEX. R. APP. P. 38.1(i) (requiring "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Lajzerowicz v. Lajzerowicz*, No. 04-16-00491-CV, 2018 Tex. App. LEXIS 846, at \*11–13 (Tex. App.—San Antonio Jan. 31, 2018, pet. denied) (mem. op.) (overruling inadequately briefed property division issue where brief contained only general position statement trial court abused its discretion). We decline to speculate about which findings Father is challenging on appeal. Notably, after the appeal was reinstated with the benefit of the trial court's filed findings and conclusions, Father did not request amendment or supplementation of his brief to clarify his third issue. *See* TEX. R. APP. P. 38.7. Accordingly, we overrule Father's third issue.

**Conclusion**

Having overruled each of Father's issues, we affirm the trial court's decree.


Lawrence M. Doss
Justice

5